**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES R. HOSEY<br>90 Bridge Path Road<br>Chicopee, Massachusetts  01013<br><br>and<br><br>IS-BAO AVIATION AUDITS, LLC,<br>a North Carolina Limited Liability Company<br>1515 Goodson Street<br>Goldsboro, North Carolina  27531<br><br><br><br>                Plaintiffs,<br><br>        v.<br><br>INTERNATIONAL BUSINESS<br>AVIATION COUNCIL, LTD.,<br>a District of Columbia Non-Profit<br>Corporation<br><br>                Defendant. | )<br>)<br>)<br>)  **Civil Action No. 1:20-cv-00996**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs James R. Hosey and IS-BAO Aviation Audits, LLC, through their undersigned attorneys, bring this action against the Defendant, International Business Aviation Council, Ltd., and hereby allege as follows:

**Nature of the Action**

1. Plaintiffs James R. Hosey ("Plaintiff Hosey" or "Mr. Hosey") and IS-BAO Aviation Audits, LLC ("IAA, LLC") (collectively, "Plaintiffs"), bring this action against the International Business Aviation Council, Ltd. ("IBAC"), to recover damages suffered by Plaintiffs as a result of Defendant IBAC's tortious interference with Plaintiff Hosey's and

Plaintiff IAA, LLC's contracts with third parties, and its tortious interference with Plaintiff Hosey's and Plaintiff IAA, LLC's prospective business advantage.  Until December 2019, Plaintiff Hosey was a duly accredited IBAC auditor, performing audits of third party business aviation entities pursuant to the IBAC International Standards for Business Aircraft.  In December 2019, Plaintiff Hosey's IBAC auditor accreditation was revoked by IBAC without justification and in violation of IBAC's own procedures.

2. As a result of the unjustified revocation of Plaintiff Hosey's IBAC auditor accreditation, Plaintiffs have suffered damages in an amount in excess of $1,000,000, to be determined at trial.

## Parties

3. Plaintiff James R. Hosey is a citizen of the state of Massachusetts, residing at 90 Bridge Path Road, Chicopee, Massachusetts  01013.

4. Plaintiff IS-BAO Aviation Audits, LLC, is a limited liability company organized under the laws of North Carolina and having a principal office address of 1515 Goodson Street, Goldsboro, North Carolina 27531-2185.

5. Defendant IBAC is a non-profit corporation incorporated in the District of Columbia, with a business address of 999 Robert Bourassa Blvd., Suite 16.33, Montreal, Quebec, H3Y 2E6, Canada.

## Jurisdiction and Venue

6. This case arises under this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(c), and 1332(e), as (1) Plaintiff Hosey is a citizen of Massachusetts, Plaintiff IAA, LLC is a citizen of North Carolina, and Defendant IBAC is a citizen of the District of Columbia, and thus complete diversity exists between Plaintiffs and

Defendant; and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2), as Defendant IBAC is a resident of the District of Columbia and subject to this Court's personal jurisdiction with respect to this civil action.

**Factual Background**

8. IBAC is an organization that, among its activities, provides accreditation for individuals involved in the performance of safety audits of business aviation entities. IBAC has developed the IBAC International Standards for Business Aircraft Programmes, consisting of the International Standard for Business Aircraft Operations – IS-BAO, and the International Standard for Business Aircraft Handling – IS-BAH. IBAC has developed a system for registering business aviation entities that conform to the IS-BAO and IS-BAH standards. Business aviation organizations may qualify for such registration after successfully undergoing an audit by a third-party auditor who has been duly accredited by IBAC.

9. An individual seeking to be accredited as an IS-BAO or IS-BAH auditor must demonstrate compliance with specific qualification and experience prerequisites, as set forth in the IBAC Audit Programme Manual. These include, among others, prerequisites regarding operational experience, Safety Management Systems (SMS) experience, and auditing experience. Auditors who achieve IS-BAO or IS-BAH accreditation are also subject to currency requirements.

10. Plaintiff Hosey is the President and Founder of Plaintiff IAA, LLC, which specializes in safety consulting and corporate aviation safety.

11. In November 2013, Plaintiff Hosey applied for accreditation by IBAC as an IS-BAO auditor. Plaintiff Hosey met all of IBAC's qualification and experience prerequisites, and was accredited by IBAC as an IS-BAO auditor in November 2013.

12. Over the next six years, Plaintiff Hosey met all currency requirements applicable to IS-BAO auditors, and maintained his qualification to serve as an IS-BAO accredited auditor. During this time period, Mr. Hosey participated in all required IS-BAO training and paid all required IS-BAO Auditor Accreditation fees.

13. Between December 2013 and December 2019, Plaintiff Hosey successfully completed dozens of IS-BAO audits per year of business aviation entities located throughout North America. These business aviation entities had requested that they be audited against the IS-BAO standard, and entered into contracts with Mr. Hosey, through Plaintiff IAA, LLC, to perform the audits. In 2019 alone, Mr. Hosey conducted seventeen (17) IS-BAO audits.

14. The business aviation entities for which Mr. Hosey performed IS-BAO audits provided uniformly positive appraisals of his conduct as an IS-BAO auditor, frequently praising his professionalism and adherence to the highest ethical standards, his dedication to the business aviation industry, and his commitment to aviation safety, all of which Plaintiff Hosey employed in the interest of reducing the business aviation accident rate. In many instances, IBAC was made aware of these positive appraisals by means of its receipt of written responses, from the audited business aviation entities themselves, to survey questions posed to these entities following completion of the audits.

15. Besides being an accredited IS-BAO auditor, Mr. Hosey is also an accredited auditor under a Safety Management System (SMS) standard issued by another accrediting

organization, the Business Aviation Safety Consortium (BASC) ("BASC standard").   Mr. Hosey has been an accredited BASC auditor since April 2017.

16. Business aviation entities may choose to be audited under the IS-BAO standard, the BASC standard, or a standard issued by another business aviation SMS auditor accrediting organization.

17. When Mr. Hosey and IAA, LLC are retained by a business aviation entity to perform a safety audit, the business aviation entity itself determines the particular SMS audit standard against which it will be audited.  Mr. Hosey has no role whatsoever in his clients' selection of the SMS audit standard against which the business aviation entity chooses to be measured.

18. It is standard practice for auditors of business aviation entities to be credentialed as accredited auditors by more than one auditor accrediting organization, and to offer their services to clients based on the goals of the business aviation entity for obtaining accreditation under a particular SMS audit standard.  This practice is well known in the business aviation industry, including among accrediting entities such as IBAC.  Upon information and belief, IBAC was, at all times relevant herein, aware of this practice, and until July 2019 never raised any objection to Mr. Hosey's status as both an accredited IS-BAO auditor and as an accredited auditor for the competing BASC standard.

19. Mr. Hosey has performed audits against the BASC standard for certain clients, based on those clients' requests to be audited against the BASC standard.  At no time has Mr. Hosey promoted the BASC standard in opposition to the IS-BAO standard, either to his existing clients or to any prospective clients.

20. In July 2019, after almost six years of unblemished and exemplary service as an IS-BAO accredited auditor, Mr. Hosey became the subject of an Auditor Review Board convened by IBAC. The supposed purpose of the Auditor Review Board was to investigate a potential violation of the IBAC Auditor Code of Ethics found in the IBAC International Standards for Business Aircraft Audit Programme Manual 7th Edition ("IBAC Audit Programme Manual"). The IBAC Audit Programme Manual was applicable for the IS-BAO Programme as of July 1, 2018. At all relevant times herein, both IBAC and Plaintiff Hosey were required to follow the provisions of the IBAC Audit Programme Manual.

21. In July 2019, IBAC advised Mr. Hosey that it had concerns over a conflict of interest with respect to the BASC standard being promoted over the IS-BAO standard, falsely alleging that Mr. Hosey was engaging in such activity. Additionally, IBAC falsely alleged that Mr. Hosey had exhibited poor performance in completing the IS-BAO protocols for his clients, and that this had had a negative impact on the IBAC Audit Manager and his audit review team. IBAC had never raised the poor performance allegation with Mr. Hosey prior to the July 2019 Auditor Review Board process.

22. According to Section 2.4.1 of the IBAC Audit Programme Manual, "IBAC reserves the right to withdraw accreditation or specific credentials of an auditor, via an Auditor Review Board," for certain specified reasons.

23. IBAC convened an Auditor Review Board meeting with Mr. Hosey on July 12, 2019. As a result of the Auditor Review Board meeting, Mr. Hosey was completely exonerated of any violation of the IBAC Auditor Code of Ethics. The Auditor Review Board found no grounds for revoking Mr. Hosey's IS-BAO accreditation or for otherwise disciplining him.

24. Before the Auditor Review Board Meeting concerning Mr. Hosey was even convened, a representative of IBAC, Mr. Bennet Walsh, the IS-BAO Programme Director, contacted Google, a client of Mr. Hosey's, and unilaterally cancelled an IS-BAO audit of that client that Mr. Hosey had scheduled for August 2019. At the time of Mr. Walsh's action, Mr. Hosey, acting through Plaintiff IAA, LLC, had already entered into a contract with Google, through a third party, for the performance of the audit. The cancellation of the audit unfairly and unjustifiably raised serious questions with the client regarding Mr. Hosey's competence and integrity, interfering with Mr. Hosey's relationship with the client. Mr. Walsh's action prevented Mr. Hosey from conducting the audit and from earning the fees that his client had already agreed to pay for his services.

25. Between July 12, 2019, and December 9, 2019, Mr. Hosey continued to perform audits for his clients as an accredited IS-BAO auditor. During this period, Mr. Hosey continued to receive praise from his clients regarding his performance as an accredited IS-BAO auditor. At no time between July 12, 2019, and December 9, 2019, was Mr. Hosey advised by anyone from IBAC about any concerns regarding his performance as an accredited IS-BAO auditor.

26. According to Section 2.5.1.b. of the IBAC Audit Programme Manual, when an Auditor Review Board is convened, "[t]he Auditor will be informed of the issue to be discussed before the Board and scheduled via email."

27. By letter dated December 9, 2019 ("December 9, 2019, letter"), Mr. Hosey was advised by Mr. Bennet Walsh, the IS-BAO Programme Director, that "the IBAC Secretariat has determined to revoke your auditor accreditation effective immediately." The December 9, 2019, letter further advised Mr. Hosey that, "[y]ou are no longer permitted to solicit or conduct IS-BAO audits or implementation services nor will any new PANs or audits be accepted by IBAC

7

except for those currently pending[.]"  The December 9, 2019, letter also directed Mr. Hosey to "remove any reference to IBAC or any programmes related to IBAC, from all promotional materials that you may have including, but not limited to, business cards, websites, newsletters, etc."

28.     The December 9, 2019, letter cited, as reasons for IBAC's actions against Mr. Hosey, "continued 'prejudicial' and/or 'conflicting or competing interests' as described in the Auditor Code of Ethics found in APM 7th Edition Section 2.3.1, and due to excessive performance and quality issues in the audit review process[.]"

29.     At no time prior to his receipt of the December 9, 2019, letter from IBAC was Mr. Hosey advised of the alleged bases for the false allegations contained in the letter.

30.     In violation of its own procedures as set forth in the IBAC Audit Programme Manual, IBAC failed to convene an Auditor Review Board in connection with the false allegations against Mr. Hosey contained in the December 9, 2019, letter.  As a result of this unjustified failure to convene an Auditor Review Board, and the related failure to inform Mr. Hosey "of the issue to be discussed before the Board," Mr. Hosey had no opportunity to dispute those allegations prior to IBAC's wrongful revocation of his IS-BAO auditor accreditation.

31.     By failing to convene an Auditor Review Board in connection with the false allegations against Mr. Hosey contained in the December 9, 2019, letter, IBAC acted in an arbitrary and capricious manner, causing substantial harm to Mr. Hosey and IAA, LLC.

32.     The December 9, 2019, letter revoking Mr. Hosey's IS-BAO auditor accreditation advised Mr. Hosey that he had "the right to appeal this decision to the IBAC Director General, Kurt Edwards."

33. By letter to IBAC Director General Kurt H. Edwards ("IBAC Director General Edwards") dated December 16, 2019, Mr. Hosey appealed the revocation of his IS-BAO auditor accreditation.

34. In his December 16, 2019, appeal letter to IBAC Director General Edwards, Mr. Hosey advised Mr. Edwards that "at no time have I favored another organization or standard[ ] that competes with IBAC," and that "at no time have I advertised or carried any promotional information from my corporation representing another SMS [s]tandard."

35. In his December 16, 2019, appeal letter to IBAC Director General Edwards, Mr. Hosey advised Mr. Edwards that at no time had he been "notified that there were excessive performance issues."

36. By letter dated January 14, 2020, IBAC Director General Edwards informed Mr. Hosey that he "believe[d] it necessary to uphold the decision to withdraw your auditor accreditation."

37. In his January 14, 2020, letter to Mr. Hosey, IBAC Director General Edwards falsely stated that while attending the Bombardier Safety Standdown in November 2019, Mr. Hosey actively marketed a program that competes with the IBAC IS-BAO program, and falsely suggested that Mr. Hosey had "promote[d] the other program while disparaging IS-BAO." In fact, Mr. Hosey has never disparaged IBAC or the IS-BAO program to any existing or potential client, or to anyone else.

38. At the time of IBAC's unjustified revocation of Mr. Hosey's IS-BAO auditor accreditation on December 9, 2019, Mr. Hosey, acting through Plaintiff IAA, LLC, had received firm commitments from six (6) existing clients for the scheduling of IBAC IS-BAO audits through June of 2020, including Nike, Milliken Aviation, Phillip Morris, Vulcan, Grand Canyon

Helicopters, and Novictor Helicopters, and had received signed contracts from three (3) of these clients. In addition, as of December 9, 2019, Mr. Hosey, acting through Plaintiff IAA, LLC, was about to enter into contracts for the performance of six additional IS-BAO audits to be conducted during 2020, and reasonably expected to enter into contracts with numerous additional business aviation entities for the performance of IS-BAO audits during 2020.

39.     On or about December 9, 2019, Defendant IBAC had knowledge, based in part on its communications with Mr. Hosey, that Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received firm commitments from six (6) existing clients for the scheduling of IBAC IS-BAO audits through June of 2020, and that Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received signed contracts from three (3) of these clients.

40.     As a result of the revocation of Mr. Hosey's IS-BAO accreditation, it became necessary for Mr. Hosey to advise those clients with whom he had scheduled audits that he had lost his IS-BAO accreditation, and that he would therefore be unable to perform the audits for which he had already contracted. Mr. Hosey, acting through Plaintiff IAA, LLC, was also required to refund retainer payments that had already been paid to him for several of the scheduled audits.

41.     IBAC's unjustified and unsupported revocation of Mr. Hosey's accreditation to perform IS-BAO audits has caused, and continues to cause, substantial harm to Mr. Hosey and IAA, LLC. Not only has the revocation made it impossible for Mr. Hosey to perform IS-BAO audits, but IBAC's action has also affected his ability, acting through IAA, LLC, to obtain contracts for other types of work that he also performs for his business aviation clients, including safety consulting, safety gap analyses and emergency response plan analyses.

42. Upon information and belief, IBAC and its representatives have made communications to Mr. Hosey's existing and potential clients wrongfully and improperly disparaging his capabilities and performance as an auditor, calling into question Mr. Hosey's compliance with IBAC's Code of Conduct, and generally questioning his integrity and adherence to high ethical standards.

43. As a result of IBAC's unjustified and unsupported revocation of Plaintiff Hosey's IS-BAO auditor credentials, he and Plaintiff IAA, LLC have lost and will lose other existing clients, and will fail to obtain new clients that otherwise would have entered into contracts for Mr. Hosey's services.

44. Mr. Hosey has reason to believe that as a result of IBAC's wrongful and improper disparagement of his capabilities and performance as an IBAC accredited auditor, and its false allegations regarding his purported failure to adhere to IBAC's Code of Conduct and its conflict of interest standards, he and Plaintiff IAA, LLC have lost and will lose existing clients, and will fail to obtain new clients that otherwise would have entered into contracts for Mr. Hosey's services.

## COUNT I
**Tortious Interference with Business Relationship**

45. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. In or about July 2019, Plaintiff Hosey, acting through Plaintiff IAA, LLC, had entered into a contract with Google, through a third party, to conduct an IS-BAO audit of Google's business aviation operations. The audit was scheduled to begin in August 2019.

47. In or about July 2019, Defendant IBAC had knowledge of Plaintiffs' contractual and business relationship with Google, and was aware that Plaintiff Hosey had scheduled an IS-BAO audit of Google's business aviation operations, to be conducted in August 2019.

48. In or about July 2019, Defendant IBAC, acting through its IS-BAO Programme Director, Bennet Walsh, intentionally and without justification cancelled the IS-BAO audit of Google's business aviation operations that Plaintiff Hosey had scheduled for August 2019.

49. As a result of Defendant's intentional and unjustified cancellation of Plaintiff Hosey's scheduled August 2019 IS-BAO audit of Google's business aviation operations, Plaintiffs suffered and will continue to suffer damages.

50. As a result of Defendant's action, Plaintiffs are entitled to recover all damages allowed under applicable law, in an amount to be determined at trial.

## COUNT II
### Tortious Interference with Business Relationship

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. On or about December 9, 2019, Defendant IBAC, acting through its IS-BAO Programme Director, Bennet Walsh, without justification and in violation of its own procedures, intentionally and wrongfully revoked Plaintiff Hosey's IS-BAO auditor accreditation, effective as of that date.

53. As of December 9, 2019, Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received firm commitments from six (6) existing clients for the scheduling of IBAC IS-BAO audits through June of 2020, and had received signed contracts from three (3) of these clients.

54. On or about December 9, 2019, Defendant IBAC had knowledge that Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received firm commitments from six (6) existing

clients for the scheduling of IBAC IS-BAO audits through June of 2020, and that Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received signed contracts from three (3) of these clients.

55. By revoking Plaintiff Hosey's IS-BAO auditor accreditation on December 9, 2019, without justification and in violation of its own procedures, Defendant IBAC intentionally and wrongfully interfered with Plaintiffs' business relationships with the business aviation entities from which Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received firm commitments and from which Plaintiff Hosey, acting through Plaintiff IAA, LLC, had received signed contracts for the purpose of conducting IS-BAO audits of those entities.

56. As a result of Defendant IBAC's intentional and unjustified revocation of Plaintiff Hosey's IS-BAO auditor accreditation on or about December 9, 2019, Plaintiffs suffered and will continue to suffer damages.

57. As a result of Defendant's action, Plaintiffs are entitled to recover all damages allowed under applicable law, in an amount to be determined at trial.

## COUNT III
### Tortious Interference with Prospective Business Advantage

58. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59. On or about December 9, 2019, Defendant IBAC, acting through its IS-BAO Programme Director, Bennet Walsh, without justification and in violation of its own procedures, intentionally and wrongfully revoked Plaintiff Hosey's IS-BAO auditor accreditation, effective as of that date.

60. On or about December 9, 2019, Plaintiff Hosey had a reasonable expectation, based on the number of IS-BAO audits he had conducted during the previous six (6) years, that,

but for Defendant IBAC's intentional and wrongful revocation of his IS-BAO auditor accreditation, and its wrongful and improper disparagement of his capabilities and performance as an auditor, he would have been able, acting through Plaintiff IAA, LLC, to enter into contracts for, and to successfully perform, at least seventeen (17) IS-BAO audits during each of the succeeding five (5) years.

61. On or about December 9, 2019, as a result of its knowledge of Plaintiff Hosey's record of conducting IS-BAO audits during the previous six (6) years, Defendant IBAC was aware that Mr. Hosey, acting through Plaintiff IAA, LLC, had a reasonable expectation of being able to enter into contracts for the performance of at least seventeen (17) IS-BAO audits during each of the succeeding five (5) years.

62. As a result of Defendant IBAC's intentional and unjustified revocation of Plaintiff Hosey's IS-BAO auditor accreditation on or about December 9, 2019, and its wrongful and improper disparagement of his capabilities and performance as an auditor, Plaintiffs suffered and will continue to suffer damages.

63. As a result of IBAC's action, Plaintiffs are entitled to recover all damages allowed under applicable law, in an amount to be determined at trial.

WHEREFORE, Plaintiff James R. Hosey and Plaintiff IAA, LLC demand judgment against Defendant International Business Aviation Council, Ltd., in an amount in excess of one million dollars ($1,000,000), plus costs, interest, and such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs James R. Hosey and IS-BAO Aviation Audits, LLC, demand a trial by jury on all claims so triable.

/s/ Mark A. Dombroff
Mark A. Dombroff, Esq. (D.C. Bar No. 23218)
James A. Eastwood, Esq. (D.C. Bar No. 414623)
**FOX ROTHSCHILD LLP**
8300 Greensboro Drive
Suite 1000
McLean, VA 22102
(703) 248-7002     (Mark A. Dombroff)
(703) 248-7006     (James A. Eastwood)
(703) 454-7651     (Facsimile)
mdombroff@foxrothschild.com
jeastwood@foxrothschild.com

*Attorneys for Plaintiffs*
*James R. Hosey and IS-BAO Aviation Audits, LLC*

Dated: April 16, 2020